## No. XXIV.

### MAIDEN v. FARIS, BROWN AND CALDER.

*Appeal from Brazoria County.*

MORRIS, JUSTICE.—At the March term of the District Court for the County of Brazoria, in the year 1841, a judgment was obtained by the plaintiff against George Brown and Robert S. Calder by default (the action as to Faris having abated by his death). The suit was for damages for failure to comply with the conditions of a bond given by defendants, which bond was the foundation of the action, and the jury assess the damages at $1000. The record is brought into this court by writ of error and the following assigned as error: "that the judgment was rendered against Brown and Calder, when no sufficient service had been made upon Brown, one of the defendants." By reference to the record, we find the sheriff's return upon the writ and petition in these words: "Served George Brown with a copy of this writ and petition, by leaving the same at his house, on the 26th of February, 1839; service accepted by Calder." By reference to volume 1, Statutes of Texas, p. 201, we find that personal service of all process was required to be made on the defendant; and not until the 5th of February, 1840 (4th volume, p. 88), was that law modified or changed. We find that this writ and petition were issued and served previous to the passage of the last law. The defendants neither appeared nor answered, and the judgment went by default.

The defect is fatal, and the cause must be remanded for a new trial.

*Remanded.*